Patrick T. Markham – State Bar No. 114542
**JACOBSON MARKHAM, L.L.P.**
8950 Cal Center Drive, Suite 210
Sacramento, CA 95826
Tel: (916) 854-5969
Fax: (916) 854-5965
ptmarkham@jacobsonmarkham.com

Attorneys for Plaintiff
IMPACT CONFECTIONS, INC.,
a New Mexico corporation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| IMPACT CONFECTIONS, INC., a New Mexico corporation<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FUNTASTIC LIMITED, a Foreign Corporation<br><br>　　　　Defendant. | Case No:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND COMMON COUNT, AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff IMPACT CONFECTIONS, INC., a New Mexico corporation (hereinafter "Plaintiff" or "IMPACT") and alleges by way of Complaint against FUNTASTIC LIMITED, a Foreign Corporation (hereinafter "Defendant" or "FUNTASTIC") as follows:

## DIVERSITY JURISDICTION

1. Plaintiff IMPACT is a corporation, duly formed and existing under the laws of the **State of New Mexico**, with its principal place of business at 4017 Whitney Street, Janesville, **Wisconsin**, 53546.

-1-
**COMPLAINT FOR BREACH OF CONTRACT AND COMMON COUNT, AND DEMAND FOR JURY TRIAL**

2. Plaintiff is informed and believes, and thereon alleges, that Defendant FUNTASTIC is a Foreign Corporation, with its corporate head office in Chadstone, VIC, Australia, and with its place of business in the United States of America at 2420 Martin Road, Suite 300, Fairfield, California, 94534. FUNTASTIC is not registered to do business in California, but lists the Fairfield, California office as the location of its presence in the United States on its corporate website. A copy of the web page listing the corporate home office of FUNTASTIC in Fairfield, California is attached as **Exhibit A.** Fairfield, California is within Solano County, one of the counties within the geographical bounds of the U.S. District Court for the Eastern District of California.

3. This court has personal jurisdiction over the defendant because the defendant does business in the United States of America through its corporate presence in Fairfield, California. Defendant transacts business with American companies such as IMPACT.

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2) because IMPACT is a citizen of either New Mexico or Wisconsin based respectively on its place of incorporation (New Mexico) and its principal place of business (Wisconsin), and FUNTASTIC is a citizen of a foreign state, having been formed and existing under the laws of a foreign state, with its principal place of business in the same foreign state (Australia). The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

## VENUE IN THE US DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

5. Venue is proper in this Court under 28 U.S.C. § 1391(a) because venue in an action against a foreign corporation is proper in any judicial district. For convenience of defendant, the action is filed in the United States District Court of the Eastern District of California, within the geographical bounds of defendant's place of business in the United States.

//

//

//

**FIRST CLAIM FOR RELIEF**

**(Breach of Written Contract)**

6. On or about December 21, 2015 and June 24, 2016, FUNTASTIC ordered product from IMPACT, and issued purchase orders 80132 and 81155, respectively for those purchases. The product order was FOB Taiwan, to be received by FUNTASTIC's freight forwarder. Purchase orders 81155 and 80132 issued from FUNTASTIC to IMPACT (hereinafter "PO 81155" and "PO 80132") are attached as **Exhibit B** and incorporated by this reference. The term of sale was FOB applicable port in Taiwan, payment due in full upon receipt of the goods.

7. The goods for purchase order 81155 were shipped to the applicable port in Taiwan and from there, picked up and received by FUNTASTIC by its agent on or before September 10, 2016. FUNTASTIC accepted the goods without objection.

8. IMPACT invoiced FUNTASTIC for the goods shipped and received. Invoice number 0491892 dated September 9, 2016 was issued by IMPACT to FUNASTIC for goods shipped under PO 80132 in the agreed amount of $46,080. Invoice number 0492055 dated September 14, 2016 was issued by IMPACT to FUNASTIC for goods shipped under PO 81155 in the agreed amount of $117,146. A copy of IMPACT invoices number 0491892 and 0492055 are attached as **Exhibit C**.

9. The total due under invoice numbers 0491892 (PO 80132) and 0492055 (PO 80155) was $163,226 USD. No part of the POs 81155 and 80132 had been paid by FUNTASTIC, although a credit memo has been applied as described in the following paragraph.

10. On April 9, 2016, IMPACT notified FUNTASTIC that it would end its supplier relationship effective August 14, 2016. In reply, FUNTASTIC stated it would do business as usual with IMPACT, but disagreed on the date of termination. Both sides agreed IMPACT would continue to supply product to FUNTASTIC until termination was effective, at which time, a competitor would assume the role of a distributor of IMPACT's product in Australia. The termination date was later extended, and the relationship ended on October 31, 2016.

11. As part of the termination, FUNTASTIC accounted for its remaining inventory on hand and made the remaining inventory available for pick up by IMPACT's new Australian distributor. FUNTASTIC's remaining inventory was picked up as agreed, and IMPACT issued a credit memo to FUNTASTIC in the amount of $58,754.81 USD. IMPACT applied the credit memo to fully satisfy invoice number 0491892 (PO 80132) in the amount of $46,080. IMPACT applied the remaining credit balance of $12,674.81 to invoice number 0492055 (PO 80155) in the original amount of $117,146. After applying $12,674.81 to invoice number 0492055 (PO 80155), the remaining unpaid balance owed by FUNTASTIC to IMPACT is $104,471.19 USD.

12. Plaintiff performed all, or substantially all, of the significant things that the purchase orders required it to do, and specifically Plaintiff produced and shipped the goods ordered by FUNTASTIC. FUNTASTIC accepted performance from IMPACT by receiving the goods without objection.

13. FUNTASTIC breached the agreement by failing to pay IMPACT $104,471.19 USD for the goods shipped to and received by FUNTASTIC.

14. IMPACT demanded payment, but FUNASTIC failed and refused to make payment on the agreed terms. As a result of FUNTASTIC's breach of contract, IMPACT has been damaged $104,471.19 USD, or in an amount according to proof at trial.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

**(Common Count – Goods and Services Rendered)**

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if fully set forth herein.

16. On or about August 29 and September 10, 2016, respectively, FUNTASTIC received certain goods sold by IMPACT. FUNTASTIC agreed to pay IMPACT the reasonable value of the goods upon receipt.

17. IMPACT has demanded payment from FUNTASTIC. The last inquiry was made on

December 15, 2016, and IMPACT failed and refused to reply.

18. At the time of the sale and delivery, the fair and reasonable value of the goods was $163,226. After application of a credit for returned goods of $58,754.81 USD, the remaining balance due of $104,471.19 USD is outstanding and unpaid.

19. No payment has been made by FUNTASTIC in response to IMPACT's invoices 0491892 and 0492055, and there is now due, owing, and unpaid the sum of $104,471.19 USD, plus interest at the legal rate, or an amount according to proof at trial.

## **PRAYER FOR RELIEF**

Plaintiff prays judgment against Defendant as follows:

A. Against FUNASTIC and in favor of IMPACT for judgment on the First Claim for Relief in the sum of $104,471.19 USD, or an amount according to proof at trial;

B. Alternatively, for judgment against FUNASTIC and in favor of IMPACT on the Second Claim for Relief in the amount of the reasonable value of the goods provided, less any applied credit. The sum due for the reasonable value is $104,471.19 USD, or an amount according to proof at trial;

C. For costs of suit, including pre and post judgment interest at the legal rate, until paid; and

D. For such other and further relief as the court may deem proper.

Dated: January 18, 2017                                JACOBSON MARKHAM, L.L.P.

/s/ Patrick T. Markham
By: PATRICK T. MARKHAM. Esq.
Attorneys for Plaintiff
IMPACT CONFECTIONS, INC., a New Mexico corporation

**DEMAND FOR JURY TRIAL**

Plaintiff IMPACT CONFECTIONS, INC., a New Mexico corporation hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 18, 2017                    JACOBSON MARKHAM, L.L.P.


/s/_Patrick T. Markham
By: PATRICK T. MARKHAM. Esq.
Attorneys for Plaintiff
IMPACT CONFECTIONS, INC., a New Mexico corporation

**COMPLAINT FOR BREACH OF CONTRACT AND COMMON COUNT, AND DEMAND FOR JURY TRIAL**

Jacobson Markham
Sacramento, California